UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In re:

SPROUT MORTGAGE LLC,

                                              Debtor.
------------------------------------------------------------------------X
Allan B. Mendelsohn, Esq., Chapter 11
Trustee Of The Estate Of
Sprout Mortgage LLC,

                                              Plaintiff,
             -against-

MICHAEL STRAUSS, RECOVCO MORTGAGE
MANAGEMENT LLC, MIDLAND AMERICAN
CAPITAL CORPORATION, SPROUT MEMBERSHIP
HOLDING, LLC, SPROUT PREFERRED HOLDINGS,
LLC, SMART RATE MORTGAGE LLC, INVESTOR
FUNDING CORP., ELIZABETH STRAUSS,
KATHERINE STRAUSS, JANE STRAUSS, AND
KATHERINE STRAUSS LLC,

                                             Defendants.
------------------------------------------------------------------------X

Chapter 11

Case No.: 23-72433 (REG)

Adv. Proc.: 24-08016 (REG)

## ORDER GRANTING PRELIMINARY
## INJUNCTION AND RELATED RELIEF

**WHEREAS**, on July 5, 2023 (the "**Petition Date**"), involuntary bankruptcy proceedings were commenced before the Court against Sprout Mortgage LLC (the "**Debtor**") pursuant to chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS**, On August 11, 2023, the Court entered an Order for Relief under chapter 7 of the Bankruptcy Code and Allan B. Mendelsohn, Esq. was appointed Chapter 7 Trustee on an interim basis to administer the Debtor's bankruptcy estate; and

**WHEREAS**, on September 29, 2023, the Debtor filed a motion seeking to convert the Debtor's chapter 7 bankruptcy case to a case under chapter 11 and by Order entered on October

20, 2023, the Court granted relief and converted the Debtor's bankruptcy case to a case under chapter 11, but required that a chapter 11 operating trustee be put in place; and

**WHEREAS**, on October 20, 2023, the Office of the United States Trustee filed a motion seeking the appointment of Allan B. Mendelsohn, Esq. as chapter 11 trustee and by Order entered that same day, the Court granted the relief sought by the Office of the United States Trustee and appointed Allan B. Mendelsohn, Esq. as the chapter 11 trustee (the "**Trustee**"); and

**WHEREAS**, the Trustee commenced the instant adversary proceeding against Michael Strauss ("**M. Strauss**"), Elizabeth Strauss ("**E. Strauss**"), Katherine Strauss ("**K. Strauss**"), Jane Strauss ("**J. Strauss**" and together with M. Strauss, E. Strauss, K. Strauss, the "**Individual Defendants**"), Recovco Mortgage Management LLC ("**Recovco**"), Midland American Capital Corporation ("**MACC**"), Sprout Membership Holding, LLC ("**Sprout Membership**"), Sprout Preferred Holdings, LLC ("**Sprout Preferred**"), Smart Rate Mortgage LLC ("**Smart Rate**"), Investor Funding Corp. ("**Investor Funding**"), and Katherine Strauss LLC ("**K. Strauss LLC**" and together with Recovco, MACC, Sprout Membership, Sprout Preferred, Smart Rate, Investor Funding, the "**Corporate Defendants**") (collectively, the "**Defendants**"); and

**WHEREAS**, the Trustee seeks, among other things, a permanent injunction against the Defendants, their officers, directors, agents, shareholders, members, and all others in custody, possession or control of funds or other property that is the subject of this adversary proceeding, to fully protect the interests of the bankruptcy estate; and

**WHEREAS**, the Court held an initial hearing on the Trustee's motion for provisional relief on February 26, 2024 (the "**Initial Hearing**"); and

**WHEREAS**, the Defendants and the Trustee mutually agree to the issuance of a preliminary injunction, pending a hearing for relief in the nature of a permanent injunction presently scheduled to be held on April 16, 2024 (the "**Final Hearing**"); and

**NOW, IN CONSIDERATION OF THE FORGOING AND THE ARGUMENTS OF THE PARTIES PRESENTED AT THE INITIAL HEARING, IT IS HEREBY ORDERED THAT**:

1. The Defendants and, as applicable, their officers, directors, agents, members, and employees, and all other persons to the extent such third parties are acting or attempting to act for or on behalf of any of the Defendants, except as limited by Paragraphs 2, 3, and 4 of this Order, are hereby **PRELIMINARILY ENJOINED, FROM THE DATE OF THE HEARING THROUGH AND INCLUDING COMPLETION OF THE FINAL HEARING AND ENTRY OF AN ORDER DETERMINING SAME,** from:

    A. Directly or indirectly using, disbursing, dissipating, disposing of, depleting, concealing, transferring, conveying, selling, assigning, pledging, hypothecating, loaning, gifting, granting a lien or security interest in, distributing, commingling and/or encumbering or exercising any control over the Debtor's or Defendants' assets including any funds, real or personal property, accounts, contracts, consumer lists, share(s) of stock, or other assets, or any interest therein, wherever located, whether within the United States or within a jurisdiction outside of the United States, or the proceeds, products or replacements thereof, including but not limited to cash, real property, accounts receivable, notes, chattel paper, corporate books and records, whether physically maintained electronically or on paper, furniture, fixtures, and

    equipment, and all other personal property of the Debtor or Defendants wherever located;

  B. The foregoing applies to all assets of any kind or nature that are: (1) owned or controlled by any of the Defendants in whole or in part, to the extent such assets constitute property of any of the Defendants or the Debtor; (2) held for the benefit of any of the Defendants or the Debtor; or (3) in the actual or constructive possession of any of the Defendants (unless such assets are not property of any of the Defendants);

  C. Removing the contents of any safe deposit boxes titled in the name of, any of the Defendants; and

  D. Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of the Defendants.[1]

2. In conjunction with the limitations set forth in Paragraphs 3 and 4 below, the assets subject to restraint and injunction by this Order shall consist only of: (1) all assets of the Defendants as of the Petition Date, to wit, July 5, 2023, and (2) any and all assets obtained after the Petition Date if the assets are the subject of the conduct alleged in the complaint or are the proceeds of any of the foregoing.

3. This Order shall not prevent the Individual Defendants from paying bills or making purchases of ordinary course items, and paying personal expenses. This Order shall not prevent the Corporate Defendants from paying bills, incurring ordinary course business expenses, or otherwise using funds obtained by each respective Corporate Defendant through their ordinary course business activity or operations.

---

[1] All of the foregoing items, as described in paragraphs 1(a), (b), (c), and (d) above are "assets" as the term is used hereafter.

4.     This Order shall not prevent any of the Individual Defendants from receiving a salary or a dividend from any of the Corporate Defendants, provided that nothing in this Order requires the payment of any such salary or dividend and further provided that the pertinent Corporate Defendant shall have sufficient funds on hand to pay such salary or dividend.  Nothing herein shall limit the Trustee's right to challenge any salary of, or dividend, distribution or similar transfer to, Individual Defendants as excessive and subject to attachment, or the Trustee's rights to seek to recover any amounts paid as salary, dividend, distribution or similar transfer to any individual Defendant from any of the Defendants that are not individuals.

5.     The Trustee shall be given no less than two (2) business days advance notice of any dividend, distribution, or similar transfer to be made to any Defendant and adequate proof that such funds are available for distribution and with respect to those dividends, distributions, or similar transfers from the Corporate Defendants, were generated from the post-Petition business activity of such Corporate Defendant. No Corporate Defendant shall pay dividends or distributions to the Individual Defendants in excess of Twenty Thousand Dollars ($20,000.00), on an aggregate basis including all Individual Defendants, in any given month while this Order is in effect.

6.     Each of the Corporate Defendants shall provide to the Trustee's counsel, on a bi-weekly basis, copies of bank statements or a report that discloses: (i) information identifying any deposits made into any account held in the name of any of the Corporate Defendants, jointly, severally, or individually and funds disbursed by each of the Corporate Defendants, jointly, severally, or individually.  This disclosure shall be made by the first business day of every other week beginning with the first business of the week following entry of this Order.  Within two weeks of entry of this Order, each Corporate Defendant shall provide this same information to the Trustee for the period of time beginning the day prior to entry of this Order and going back to and

including the Petition Date. Nothing herein shall limit the Trustee's right to seek immediate Court intervention to the extent there is an objection to any disbursements made or intended to be made by any of the Defendants.

7. The Defendants and any of their representatives, whether acting directly or through any entity, corporation, subsidiary, division, director, manager, member, affiliate, independent contractor, accountant, financial advisor, or other device, are hereby preliminarily enjoined from:

    A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, documents (as described in Rule 34(a) of the Federal Rules of Civil Procedure) that relate to: (1) the business, business practices, assets, or finances of any of the Defendants and/or (2) the business practices or finances of entities directly or indirectly under the control of the Debtor, including: any and all marketing materials, World Wide Web pages, call detail records, telephone logs, contracts, correspondence, e-mail, corporate books and records, accounting data, financial statements, receipt books, ledgers, cancelled checks and check registers, bank statements, calendars, appointment books, and tax returns; and

    B. Failing to create and maintain those documents that, in reasonable detail, accurately, fairly, and completely reflect incomes, disbursements, transactions and uses of all assets.

8. The Defendants, their representatives, and any other party claiming to work for or on their behalf, are hereby enjoined and restrained from creating, operating, or exercising control over any new business entity of any type formed or funded with funds or property that is subject to the restraint and injunction provisions as set forth in this Order, without first providing the

Trustee's counsel with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the name of the business entity's officers, directors, principals, managers, members, and employees; and (4) a detailed description of the business entity's intended activities.

9. The Defendants shall immediately provide a copy of this Order to each of their officers, directors, employees, independent contractors, agents, members, attorneys, representatives, and any other person with authority to act on behalf of the Defendants, and shall, within five (5) days of the date of entry of this Order, provide the Trustee's counsel with a sworn statement that: (1) confirms that they have provided copies of this Order as required; and (2) lists of names and addresses of each entity, or person to whom the Order was provided. Furthermore, the Defendants and the Debtor shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, or any other person or entity in active concert or participations with them to disregard this Order or believe that they are not bound by its provisions.

10. This Court shall retain exclusive jurisdiction concerning the enforcement and interpretation of this Order.

11. Disobedience of this Order may be punishable as contempt of Court.



Dated: Central Islip, New York
March 8, 2024

_____
Robert E. Grossman
United States Bankruptcy Judge